IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
| ) | | |
| Plaintiff, ) | Civil No. 16-cv-3098-MWB | |
| ) | | |
| v. ) | | |
| ) | | |
| ROY LEE JOHNSON; DONNA JEAN ) | | |
| JOHNSON; NATIONAL CASH OF ) | | |
| CARROLL; MIDLAND FUNDING, ) | | |
| LLC; and PARTIES IN POSSESSION;) | | |
| ) | | |
| Defendants. ) | | |

**JUDGMENT AND DECREE OF FORECLOSURE**

This matter is before the Court on plaintiff's Motion for Default Judgment. Plaintiff is entitled to judgment as a matter of law. The Motion for Default Judgment is granted.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

The Court has jurisdiction over all parties, defendants having been properly served, under Fed. R. Civ. P. 4 and 5(a)(2). Roy Lee Johnson, Donna Jean Johnson, National Cash of Carroll, Midland Funding, LLC and Parties in Possession, being in default, the Motion for Default Judgment is granted as to all defendants. Judgment is hereby rendered *in personam* against defendants Roy Lee Johnson and Donna Jean Johnson in the amount of $110,102.04, and *in rem* against defendants Roy Lee Johnson, Donna Jean Johnson, National Cash of Carroll, Midland Funding, LLC and Parties in Possession and the mortgaged premises (described below) in the amount of $110,190.19, which includes $82,821.26 in principal, advances, and any

1

other recoverable costs; $27,280.78 interest as of December 14, 2016, $88.15 interest credit or subsidy subject to recapture plus interest accruing thereafter in the daily amount of $15.60 per day until judgment; plus $400.00 for costs of court, $300.00 abstracting, $120.08 service fees; $50.00 state court recording fee; and statutory interest after judgment.

Plaintiff's mortgage is hereby established and declared to be the first, superior, and paramount lien on the real estate described below. All the rights, title and interest, claims and liens in and to the real property which defendants claim or may have therein, whether the rights, title, interest, claims or liens be legal or equitable, are hereby decreed to be subsequent, inferior and junior to the right, title, interest, claims and liens of plaintiff.

Plaintiff's mortgage is hereby foreclosed for the full amount of the *in rem* Judgment. Both the *in rem* and *in personam* judgments are decreed to be a lien on the mortgaged property from January 8, 2001. Defendants and all persons claiming by, through, and under them are barred and foreclosed from all rights, title, and interest in the real property with no post-sale right of redemption.

A Writ of Special Execution shall issue against the following real property situated in Carroll County, Iowa:

**Lot 7, Block 5 Bierl's Addition to Carroll, Carroll County, Iowa.**

Under the Writ of Special Execution, the United States Marshal for the Northern District of Iowa or his representative is commanded to sell the real property in aid and enforcement of the claim, rights, and judgment of plaintiff at

public sale in accordance with 28 U.S.C. §§ 2001-2003.  The sale shall be subject to any unpaid real property taxes or special assessments.

The United States Marshal shall give public notice of the time and place of the sale in the manner provided by law, and the publication shall be in a regularly issued newspaper of general circulation within Carroll County, Iowa, published once a week for at least four (4) weeks prior to the sale.

If plaintiff shall be the successful bidder at the sale, the United States Marshal may take the receipt of plaintiff's bid in lieu of cash payment.

The United States Marshal shall make and execute to the purchaser at the sale a Certificate of Purchase, stating the price thereof, and shall deliver same to the purchaser and also make report of the sale to this Court.

If the property is purchased by a bid other than that of plaintiff, after deducting the costs of the sale from the proceeds thereof, the United States Marshal shall deposit the proceeds with the Clerk of Court pending confirmation of the sale and direction by the Court as to payment of the proceeds.

If the sale is confirmed by this Court, there being no right of redemption, a Marshal's Deed shall issue forthwith to the purchaser at the sale, or his heirs, representatives, or assigns, and possession of the premises sold shall be given to the holder of the Deed.  If the holder of the Deed is denied possession, a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe and without further order of this Court.  The Writ shall be issued to place the holder of the Deed in peaceable possession of the real property.

Out of the proceeds arising from the sale there will be satisfied in the following order as far as the same shall be sufficient:

a. The costs of the sale and of this action;

b. Plaintiff's *in rem* judgment against the property and defendants Roy Lee Johnson, Donna Jean Johnson, National Cash of Carroll, Midland Funding, LLC and Parties in Possession and the *in personam* judgment against Defendants Roy Lee Johnson and Donna Jean Johnson;

c. The interest accruing on the United States' judgment; and

d. The balance thereof, if any, to be brought into the Court to await further order.

**IT IS SO ORDERED**.

**DATED** this 9th day of January, 2017.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA